Monte G. MASON, Appellant,

v.

Ernest UTLEY, Trustee in Bankruptcy of the Estate of Monte G. Mason, Also Known as M. G. Mason, Appellee.

No. 15811.

United States Court of Appeals Ninth Circuit.

Sept. 26, 1958.

William Strong, Beverly Hills, Cal., for appellant.

William J. Tiernan, Los Angeles, Cal., for appellee.

Before BONE, POPE and CHAMBERS, Circuit Judges.

CHAMBERS, Circuit Judge.

Monte G. Mason, by the referee, was adjudged an involuntary bankrupt on May 20, 1957. Creditors in an amended petition had sought the adjudication upon the grounds that he had sworn falsely concerning his assets in supplementary proceedings brought by a judgment creditor in the Superior Court of the State of California in and for the County of Los Angeles; thus had committed an act of bankruptcy.

Mason resisted the petition with a timely motion to dismiss. Apparently on April 16, 1957, the referee denied the motion to dismiss, allowing 20 days to answer. No answer having been filed, the referee on May 20, 1957, on his own motion, or ex parte, entered an order adjudicating Mason a bankrupt.

On May 23, 1957, Mason filed an answer to the amended petition for adjudication of bankruptcy and filed a motion to set aside the adjudication on the ground of inadvertence and excusable neglect. In due course, the motion was denied. The adjudication of bankruptcy stood. On review, the district court sustained the referee.

Obviously, Mason's answer came in after his allotted 20 days had expired.

This may not be a typical case of excusable neglect,[1] but this court holds it is at least that and something more. Certainly, the forcefulness of an adjudication in bankruptcy partakes of the nature of a judgment. The debtor is "adjudicated" a bankrupt.

So, one turns to order No. 37, of the General Orders in Bankruptcy, 11 U.S. C.A. following section 53, which reads as follows:

> "In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be. But the court may shorten the limitations of time prescribed so as to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding."

Then Rule 55(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides in part as follows:

> " * * * If the party against whom judgment by default is sought has appeared in the action, he * * shall be served with written notice of application for judgment at least 3 days prior to the hearing on such application. * * * * "[2]

Here no notice of application for the adjudication went to Mason or his counsel of record who had lost the motion to dismiss. This court holds that a combination of General Order No. 37 and Rule 55(b) is applicable and that on a prompt, direct attack in the bankruptcy proceeding appellant is entitled to have the adjudication vacated because of the failure of notice. Cf. In re Cesari, 7 Cir., 217 F.2d 424. Naturally, in the frame of this case, this court does not reach the question of how long the alleged bankrupt could have waited to attack the adjudication. Here he moved within three days. A fortiori, one does not reach the question of wheth-

---

1. Herein this Court has disregarded the rather fragile excuses Mason has given for not answering on time.

2. Service upon Mason's attorney would have been required under Rule 5(b) of the Federal Rules of Civil Procedure.

486

er the lack of notice was such a fundamental defect that Mason could have established invalidity of the adjudication in a separate action, affirmatively or defensively.

The district court's order on review entered November 14, 1957, is reversed. Proceedings shall be had consistent with this opinion. Appellant shall bear the costs of this appeal.