Ray MARSHALL, Secretary, United
States Department of
Labor, Appellee,

v.

Thomas G. BOYD and Thomas G.
Boyd, Inc., Appellants.

No. 79–2071.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1980.

Decided May 18, 1981.

John Langston, Langston & Moore, Little Rock, Ark., for appellants.

Carin Ann Clauss, Sol. of Labor, Donald S. Shire, Associate Sol., Mary-Helen Mautner, Mary Ann Bernard, U. S. Dept. of Labor, Washington, D. C., for appellee.

Before HENLEY and McMILLIAN, Circuit Judges, and BECKER, District Judge.*

HENLEY, Circuit Judge.

Secretary of Labor Ray Marshall, appellee, sued Thomas G. Boyd and Thomas G. Boyd, Inc., appellants, alleging that they wrongfully withheld payment of overtime compensation and minimum wages, in violation of 29 U.S.C. §§ 206, 207, 211, 215. Appellee sought orders compelling payment of amounts wrongfully withheld plus interest and restraining future violations. A judgment was entered in appellee's favor,[1] after which appellants promptly filed a motion to vacate pursuant to Fed.R.Civ.P. 60(b)(6).[2] The district court entered an order denying that motion. Appellants challenge that order and we reverse.

Appellee commenced this suit on January 5, 1977. Appellants timely answered denying the substantive allegations in the complaint. After preliminary discovery by the parties, an order was entered on October 11, 1978 setting the case for a nonjury trial on February 7, 1979. Prior to this order, on July 14, 1978, Thomas G. Boyd, Inc. had filed a petition in bankruptcy.

On January 9, 1979 there was held a pretrial conference which unquestionably bred some confusion and misunderstanding. During the conference appellants' counsel informed the court that Thomas G. Boyd, Inc. had filed for bankruptcy and not yet received a discharge. Conference notes reflect that the individual defendant, Thomas G. Boyd, also was to file a bankruptcy petition. Appellee's claims for wrongfully withheld overtime compensation and minimum wages were listed as debts in the pending bankruptcy proceeding, and appellants' counsel informed the court that he felt a discharge in bankruptcy would bar those claims in the case at hand. Recognizing that possibility, the court noted that appellants' counsel at a later date would raise the issue by motion.

Counsel for both parties, being familiar with the bankruptcy proceeding, knew that a discharge would not be entered by February 7, 1979, the scheduled trial date.[3] They assumed, and indeed agreed, that in light of the development at conference the trial would be postponed pending resolution of the bankruptcy problems. The agreement to postpone the trial, although reached during the pretrial, obviously was not completely spelled out and understood fully by those concerned. It fairly can be inferred that unaware of the true posture of the bankruptcy proceeding, the court concluded the pretrial believing that all concerned understood the trial date to be February 7, 1979. To that end, the court requested that appellee submit proposed findings of fact and conclusions of law to which appellants were to respond.

On January 11, 1979 appellee submitted proposed findings of fact and conclusions of law. Appellants' counsel, believing the scheduled trial date had been postponed, did not respond immediately. With the scheduled trial date approaching, the court made numerous attempts, none successful, to con-

---

* The Honorable William H. Becker, United States Senior District Judge, Western District of Missouri, sitting by designation.

1. Examination of the parties' briefs and the record on appeal convinces us that judgment was entered solely because of appellants' failure to defend. Though not designated as such by the district court, we treat the judgment as by default. See Fed.R.Civ.P. 55.

2. Appellants designated their motion as a motion for new trial pursuant to Fed.R.Civ.P. 59. Because no trial actually was held we construe the motion as one pursuant to Fed.R.Civ.P. 60(b)(6).

3. The individual bankruptcy petition for Thomas G. Boyd in fact was not filed until February 1, 1979.

tact appellants' counsel and afford him an opportunity to respond. No order to respond was entered, however, nor was any written communication sent to appellants' counsel. He was never contacted and no response was submitted prior to the scheduled trial date.

The case was called for trial as scheduled on February 7, 1979 but counsel for neither party appeared. During the next few weeks, the court again unsuccessfully attempted to contact appellants' counsel. No response to the proposed findings of fact and conclusions of law was ever submitted.

On April 3, 1979 appellants, responding to the court's pretrial conference note, filed a motion to dismiss appellee's claims. In support of this motion appellants alleged that Thomas G. Boyd, Inc. had received a discharge in bankruptcy and that Thomas G. Boyd had filed a bankruptcy petition on February 1, 1979. Without explanation this motion was denied on April 3, 1979. On the same day the court sua sponte adopted with slight variation appellee's proposed findings of fact and conclusions of law, thus effectively granting appellee's requested relief. Appellants were given no notice of the court's intention to adopt these findings and conclusions.

Appellants, on April 19, 1979, filed a motion to set aside findings of fact and conclusions of law. The following grounds were given in support of this motion: (1) the court had agreed to postpone the trial; (2) the court's findings had no evidentiary support; (3) the court's findings and conclusions were entered by clerical mistake; and (4) appellants had a meritorious defense. The court denied this motion, finding its actions justified largely by counsel's failure to respond to appellee's proposed findings.

Appellants challenged that order on appeal, and this court, while retaining jurisdiction, remanded for entry of a formal final judgment. On August 13, 1979 judgment was entered and appellants timely filed a motion for new trial which we construe as a Rule 60 motion to vacate. In reviewing the final judgment this court discovered that appellants' motion to vacate had not been ruled on, and remanded to the district court for that purpose. The district court entered an order denying the motion. The instant appeal is from that order.

. A default judgment may be set aside for "any reason ... justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). See Fed.R.Civ.P. 55(c). The district court's denial of a Rule 60 motion may be set aside only for an abuse of discretion. *Clarke v. Burkle,* 570 F.2d 824, 830 (8th Cir. 1978). In a case like the present one, however, this discretion is narrowed somewhat by the strong policy against default judgments. See *Assman v. Fleming,* 159 F.2d 332, 336 (8th Cir. 1947).

It appeared to the district court that appellants' counsel was inattentive to the case and disrespectful to the court's requests. Unaware of counsel's understanding about an agreement to postpone the trial, the court perhaps justifiably relied on two things in believing the trial was set for February 7, 1979: one, a formal order entered in the case docket sheet, and, two, an undocumented "preemptory" calendar. Had counsel sought the court's formal acknowledgement of the postponement an order could have been entered superseding the initial trial date, and any misunderstanding could have been avoided. Though it appears counsel primarily is to blame for the court's action, examination of all the circumstances convinces us that the harsh sanction of default was improper.

■ Ordinarily, a default judgment against a party who has appeared should not be entered unless the party has been put on notice that failure to act in a certain manner may subject him to that sanction. *Missouri v. Fidelity & Casualty Co.,* 107 F.2d 343, 345–46 (8th Cir. 1939). We are not presented here with a party's failure to comply with a court order or procedural rule. *But see Bonanza International, Inc. v. Cordello,* 480 F.2d 613, 614 (5th Cir.), *cert. denied,* 414 U.S. 1073, 94 S.Ct. 587, 38 L.Ed.2d 479 (1973). Appellants had no reason to suspect that failure to respond to the proposed findings and conclusions or failure to appear on February 7, 1979 would result

 

in a default judgment. *But cf.* Fed.R.Civ.P. 37(b)(2)(C) (rule itself places party on notice that failure to comply with court order may result in default judgment).

◼ Here, the court entered default sua sponte without first giving appellants notice that it was contemplating such action.[4] In such circumstances a judgment should be vacated if promptly challenged. *Mason v. Utley,* 259 F.2d 484, 485 (9th Cir. 1958). Had appellants been notified of the impending default and given an opportunity to object we might have a different case.[5] *See Kansas City Bricklayers v. Kelly Waterproofing, Inc.,* 646 F.2d 338 at 339 (8th Cir. 1981).

Other factors as well militate against a default judgment in the present case. First, appellants' showing of a potentially meritorious defense weighs against a default judgment. *Bruce v. Paxton,* 31 F.R.D. 197, 200 (E.D.Ark.1962). Second, appellee has assented to proceed to trial. Appellee states in his brief, "As the secretary has never opposed defendant's attempts to bring this matter to trial, we would not object should this court decide to remand for further proceedings." We discern no judicial policy against vacating the judgment, and in light of the parties' willingness to try the case we must conclude that the district court abused its discretion in denying appellants' Rule 60 motion to vacate.

We reverse the district court's denial of appellants' Rule 60 motion and vacate the judgment. We remand to the district court for proceedings consistent with this opinion.[6]

---

**4.** Technically, appellants had notice prior to the formal judgment entered after remand from this court. It is obvious, however, that the district court's judgment followed pro forma its findings of fact and conclusions of law previously entered without notice. The district court felt these findings and conclusions disposed of the case and indeed referred to them as a judgment.

**5.** We need not now decide whether a district court may, absent specific authorization, sua sponte, enter a default judgment. We note, however, that Rule 55(b)(2) contemplates that a default judgment entered against a party who has appeared will be *upon application of the adverse party and preceded by written notice and opportunity for hearing,* and we observe that absent exceptional circumstances not present here the Rule 55 mechanism should be followed. The district court, of course, may exert control over its calendar as by prompting the party entitled to judgment to move, *see Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 373 (D.C.Cir.1980); *Press v. Forest Laboratories, Inc.,* 45 F.R.D. 354, 356 (S.D. N.Y.1968), and by imposing appropriate sanctions if that party fails to act, *see Forest Nursery Co. v. Crete Carrier Corp.,* 319 F.Supp. 213, 215 (E.D.Tenn.1970).

**6.** In light of the disposition of this appeal, we also find it necessary to vacate without prejudice the district court's order denying appellants' motion to dismiss. We express no opinion as to whether appellee's claims are barred.