**In re COLLET VENTURES, INC., Debtor.**

**COLLET VENTURES, INC., Plaintiff,**

v.

**Frank MARCHESE, et al., Defendants.**

Bankruptcy No. 88–03912–3–11.
Adv. Nos. 89–4105–3–11, 88–0775–3–11.

United States Bankruptcy Court,
W.D. Missouri.

Oct. 26, 1989.

Irvin V. Belzer, Paul O. Hoffman, Smith, Gill, Fisher & Butts, Kansas City, Mo., for plaintiff.

George H. Barr, Kansas City, Mo., for defendants.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

The matters before the Court are: 1) Motion for Summary Judgment of Plaintiff Collet Ventures, Inc. ("Debtor"), and 2) Counterclaim and Motion to Set Aside Default Judgment of Defendants Frank Marchese, Jack Marchese, Frank Marchese and George H. Barr as the statutory trustees of FJM Construction Company, MRKZ Management Enterprises, The Marchese Company, and Ashland SOS Plumbing, Heating & Cooling, Inc. ("Defendants"). Debtor seeks a determination that Defendants have not complied with the relevant procedure in asserting their counterclaim against Debtor, and thus, the claim is barred. Defendants seek a determination that an unwritten prepetition agreement existed with Debtor which provides the ba-

sis for the assertion of the counterclaim in the above-captioned consolidated adversary proceedings. In addition, Defendants seek to set aside the default judgment previously entered by the Honorable Dennis J. Stewart.

These matters come before this division of the Court due to the untimely death of Judge Stewart. Accordingly, the procedural background of these consolidated adversary proceedings shall be summarized before the Court enters it findings and conclusions.

On December 22, 1988, Debtor filed Adversary Case No. 88-0775-3-11 against Defendants, seeking turnover and possession of property of the estate and past due rent. Prior to the filing of its bankruptcy petition and this adversary case, Debtor had instituted a state court action against Defendants regarding possession of Debtor's property and recovery of damages. Due to the filing of Debtor's Chapter 11 petition, the state court action was stayed. Neither Debtor nor Defendants sought to remove the pending state court action to the federal bankruptcy courts.

On February 3, 1989, Debtor filed its motion for and suggestions in support of default judgment in Adversary Case No. 88-0775-3-11. On that same day, Judge Stewart granted this motion and entered an order granting possession and awarding money damages to Debtor ("the February 3rd Order"). The Clerk's Judgment consistent with this order was entered on February 5, 1989.

On February 16, 1989, Defendants filed their motion to reconsider the February 3rd Order. On February 27, 1989, this motion was denied by Judge Stewart.

On February 28, 1989, Debtor filed its first amended complaint seeking injunctive relief and damages due to the alleged failure of Defendants to comply with the February 3rd Order. Originally filed as a separate adversary proceeding, Adversary Case No. 89-4105-3-11 was consolidated with Adversary Case No. 88-0775-3-11 at the request of Debtor. On March 2, 1989, a hearing was held regarding Debtor's request that Defendants be temporarily en-

joined; this request was denied at the conclusion of the hearing and memorialized in an order entered by Judge Stewart on March 9, 1989.

Unlike the original adversary case, Defendants answered the consolidated adversary action in a timely manner. Defendants also asserted a counterclaim against Debtor, claiming that an unwritten agreement existed that was breached by Debtor.

On May 3, 1989, Judge Stewart entered an order denying the injunctive relief requested by Debtor as the result of Debtor's failure to avail themselves of further evidentiary opportunity. On May 5, 1989, a notice and order was entered setting a hearing on the merits of the Defendants' counterclaim. On May 12, 1989, Debtor filed motion to file a reply to Defendants' counterclaim out of time, to which Defendants objected. The hearing originally scheduled in the May 5th notice and order was continued as the result of numerous consensual motions for continuance. In the interim, a hearing was scheduled to hear the dispute regarding the motion to allow the untimely filing of the reply to the counterclaim.

On August 17, 1989, Debtor filed motions for summary judgment on Defendants' counterclaim and for an order compelling discovery responses or sanctions. On August 25, 1989, Defendants filed their suggestions in opposition to the motion for summary judgment and their motion to set aside the default judgment.

After due notice, a hearing on the motion for summary judgment, motion to compel discovery, motion to allow the untimely filing of Debtor's reply to the counterclaim, and the merits of Defendants' counterclaim, was finally held on August 29, 1989 at which time Debtor, Defendants, and their respective counsel appeared. As part of this hearing, the parties conceded that the discovery dispute was resolved and that it was not necessary for the Court to compel discovery or issue sanctions. After considering the initial argument of counsel, the Court permitted the filing of Debtor's reply to the counterclaim out of time. After considering the testimony and other admitted evidence, the demeanor of the witnesses, the Court's file, and the record of this proceeding, the Court hereby makes the following findings of fact and conclusions of law pursuant to Federal Bankruptcy Rule 7052.

Debtor's motion for summary judgment is essentially premised upon the argument that Defendants failed to assert a compulsory counterclaim in response to the filing of Adversary Case No. 88–0775–3–11. Debtor relies upon Federal Rule of Civil Procedure 13 in support of its position that Defendants' failure to assert a compulsory counterclaim as part of the original action now bars them from raising the claim.

■ Debtor's argument fails on two counts. First, Debtor ignores the provisions of Federal Rule of Civil Procedure 13(a)(1) [1], which provide that a counterclaim need not be raised if the claim was the subject of another pending action. In the matter at hand, the basis for Defendants' counterclaim had been asserted in the pending state court action. Thus, Rule 13(a)(1) excuses the Defendants from those provisions of Rule 13 that compel the assertion of the counterclaim.

■ Second, Federal Bankruptcy Rule 7013 [2] is applicable in this consolidated adversary action. Defendants' claim is based upon its alleged *prepetition* agreement with Debtor, which did not arise after the entry of order for relief. Thus, Defendants were excused from asserting a compulsory counterclaim in the original adversary action pursuant to Federal Bankrupt-

---

1. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, ... But the pleader need not state the claim if (1) at *the time the action was commenced the claim* was the subject of another pending action, ...

2. Rule 13 FR Civ. P applies in adversary proceedings, except that a party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of the order of relief.... (Emphasis added).

cy Rule 7013. In summary, Debtor's motion for summary judgment is denied.

The failure of Debtor to prevail on its summary judgment motion does not require a finding in favor for Defendants on their counterclaim. The counterclaim in this consolidated adversary action is premised upon Defendants' allegation that they had a prepetition agreement with Debtor that was breached. The Court notes that the bar date to file claims against Debtor was August 15, 1989; a review of the claims register shows that no claim was timely filed by any of the Defendants. Thus, the assertion of the counterclaim by Defendants is at best an informal proof of claim. The Court must therefore determine whether the claim asserted by Defendants to which Debtor has objected shall be allowed pursuant to 11 U.S.C. § 502. For the reasons stated below, the Court finds that Defendants have failed to state a claim which can be allowed against Debtor.

Defendants alleged counterclaim against Debtor rests upon the existence of an unwritten agreement between Defendants and Debtor. Defendants claim that they had an agreement in which they renovated multiple properties for Debtor, who in return granted them rent-free occupancy in the property located at 428 W. 42nd Street, Kansas City, Missouri. Defendants claim that because Debtor has breached this unwritten agreement, they have been damaged in an amount equal to those unpaid and uncompensated renovation costs.

Defendants have failed to state a valid claim against Debtor due to the operation of the Missouri version of the Statute of Frauds, Mo.Rev.Stat. § 432.010 [3]. In the matter at hand, Defendants claim that in exchange for renovation services, Debtor agreed to lease the relevant property on a rent-free basis for five years, with an option to extend the lease for an additional three years. This alleged agreement falls clearly within the Statute of Frauds requirements that a writing be produced. Accordingly, Defendants can only bring their claim if it is supported by a written agreement, memorandum, or note signed by Debtor or its duly authorized representative. *Hartbarger v. Bureau Real Estate Co.*, 741 S.W.2d 309 (Mo.App.1987).

Defendants fall short of their burden in producing a sufficient writing showing this agreement. The only documents offered by Defendants in support of their claim are a letter from Debtor's non-bankruptcy counsel, list of billings sent to Debtor in March, 1985, copy of a lease for property located at 4141 Pennsylvania, and plans and additional billings for the property located at 4142 Pennsylvania. A review of these documents do not evidence any type of written agreement, memorandum, or note signed by Debtor regarding occupancy of the premises at 428 W. 42nd Street. Accordingly, Defendants are prohibited under Missouri law from enforcing the alleged agreement and their claim against the Debtor shall not be allowed pursuant to 11 U.S.C. § 502(b)(1).

The final issue which the Court shall address is the Defendants' motion to set aside the default judgement. Defendants have not designated the specific bankruptcy rule that provides the basis for their motion. Accordingly, the Court will treat the motion as one under Federal Bankruptcy Rule 7055. *Sanders v. Clemco*, 862 F.2d 161 (8th Cir.1988).

Federal Bankruptcy Rule 7055 incorporates Federal Rule of Civil Procedure 55 in its entirety. Federal Rule of Civil Procedure 55(c) permits the vacation of a default judgment upon a showing of cause. This standard generally requires the showing of a potentially meritorious defense by the party seeking reversal of the default. 6 Moore's Federal Practice § 55.10[1]; *Marshall v. Boyd*, 658 F.2d 552 (8th Cir. 1981). In the matter at hand, the Court concludes that Defendants have failed to

---

**3.** No action shall be brought ... to charge any person ... upon any agreement for the sale of lands, tenements, hereditament, or an interest in or concerning them, or any lease thereof, for a longer time than one year, ..., unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him lawfully authorized, ...

show the existence of a potentially meritorious defense. Defendants' defense is the same as the basis for their counterclaim—an unwritten agreement existed between Debtor and Defendants. The Court has determined above that Defendants' counterclaim is without merit; likewise, Defendants' defense based upon the existence of the unwritten agreement with Debtor is also without merit.

 The Court also concludes that even if Defendants have suggested valid grounds to vacate Judge Stewart's orders permitting the entry of the default judgment, Debtor's claim against Defendants appears to be well grounded and Debtor would prevail on the merits. It is undisputed that Defendants occupied Debtor's property at 428 W. 42nd Street from and after 1984 without payment of rent. It is also undisputed that Defendants did not have a written lease supporting this occupancy.

Mo.Rev.Stat. § 432.050 [4] and Mo.Rev.Stat. § 441.060(2) [5] give Debtor a cause of action against Defendants based upon the occupancy of Debtor's property. In the absence of the written agreement, this tenancy was month to month. *Longmier v. Kaufman*, 663 S.W.2d 385 (Mo.App.1983). Defendants admit that they occupied the relevant property for close to five years without paying any rent. The pleadings submitted in support of the default judgment support the unpaid rental obligation of Defendants by calculating the time of unpaid occupancy multiplied by a fair market rental. Accordingly, in addition to the lack of a meritorious defense, there is no need to overturn the default judgment since it appears that Debtor would be successful on the merits of its claim for unpaid rent.

WHEREFORE, IT IS HEREBY ORDERED that Debtor's motion for summary judgment shall be denied; it is further

ORDERED that Defendants' counterclaim against Debtor shall be denied in its entirety; it is further

ORDERED that Defendants' motion to set aside the default judgment is denied.

---

**4.** All leases, estates, interests of freehold or term of years, or any uncertain interest of, in, to or out of any messuages, lands, tenements or hereditaments, made or created by livery and seisin only, or by parol, and not put in writing and signed by the parties so making or creating the same, or their agents lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force.

**5.** All contracts or agreements for the leasing, renting or occupation of stores, shops, houses, tenements, or other buildings in cities, ..., not made in writing, signed by the parties thereto, or their agents, shall be held and taken to be tenancies from month to month, ...