61 F.3d 15
 33 Fed.R.Serv.3d 59
 CANAL INSURANCE COMPANY, Appellee,
v.
Dale ASHMORE, doing business as Ashmore & Sons Trucking, Appellant,
Norma Madsen; Rodney Dewayne Ashmore, Defendants.
CANAL INSURANCE COMPANY, Appellee,
v.
Dale ASHMORE, doing business as Ashmore & Sons Trucking;
Norma Madsen, Defendants,
Rodney Dewayne Ashmore, Appellant.
 Nos. 94-2969, 94-2975.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 16, 1995.
Decided July 26, 1995.
 
 Joseph Self, Ft. Smith, AR, argued (Fred Caddell, on the brief), for appellant.
 No argument was presented for appellee. (Tim E. Howell and Don A. Taylor, Fayetteville, AR, on the brief).
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this consolidated appeal, Dale Ashmore, d/b/a Ashmore and Sons Trucking, and Rodney Ashmore, Dale's son, contend the district court abused its discretion in denying their motions to set aside a default judgment entered in favor of Canal Insurance Company. We affirm in part, and reverse in part.
 
 
 2
 Rodney Ashmore, who was seriously injured in a 1989 collision involving an Ashmore and Sons Trucking vehicle, filed a lawsuit in state court against his father to recover damages. Canal Insurance Company (Canal) filed a complaint in federal court in January 1993 seeking a declaratory judgment that, pursuant to the terms and conditions of its policy of insurance issued to Dale, there is no coverage for the injuries sustained by Rodney and others. Dale and Rodney Ashmore answered the complaint through their attorneys, both of whom later moved to withdraw. On October 5, 1993, the district court granted both attorneys' motions, and directed them to send copies of the order to each of the defendants by certified mail with return receipt requested. The court's October 5 order directed the Ashmores to retain new counsel, and provided:
 
 
 3
 (d) That should any defendant not so retain and have appear herein an attorney by said date of October 20, 1993, or otherwise contact the Court to arrange to proceed without the assistance of an attorney, such defendant shall be considered to be in default and a judgment for all relief sought against that defendant by plaintiff may forthwith be entered for plaintiff and against defendant.
 
 
 4
 Both attorneys sent certified letters containing the October 5 order to Dale Ashmore, and the record contains a receipt signed by him on October 29, 1993. Nothing in the record indicates either attorney addressed any correspondence to Rodney Ashmore.
 
 
 5
 On January 3, 1994, the district court entered default judgment in favor of Canal and against both Dale and Rodney Ashmore pursuant to Federal Rule of Civil Procedure 55. Represented by new counsel, Rodney moved to set aside the default judgment on January 19, 1994, contending he had not received notice as required by Rule 55(b)(2). Alternatively, he sought relief pursuant to Federal Rule of Civil Procedure 60(b) because his failure to comply with the October 5 order was for good cause. Dale, also represented by counsel, filed a similar motion on February 24, 1994. The district court denied both motions.
 
 
 6
 Rule 55(c) allows the court to set aside a default judgment "[f]or good cause shown," in accordance with Rule 60(b). We review the denial of a Rule 60(b) motion to set aside a default judgment for abuse of discretion. Marshall v. Boyd, 658 F.2d 552, 554 (8th Cir.1981). This discretion is somewhat narrowed by the strong policy against default judgments. Id.
 
 
 7
 Rule 55(a) provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." As both Ashmores had appeared through counsel, Rule 55(b)(2) required they "be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."
 
 
 8
 Over two months before the default judgment was entered, Dale Ashmore received a copy of the district court's October 5 order warning him that failure to take the required action could result in default, yet he took no action. We cannot say the district court abused its discretion in refusing to set aside the judgment as to him. Rodney Ashmore, on the other hand, received no notice. We therefore conclude the district court abused its discretion in denying Rodney's motion to set aside the judgment against him.
 
 
 9
 We do not agree with the district court's conclusion that Rule 55(b)(2) did not apply; Goldman v. Medfit Int'l, Inc., 982 F.2d 686, 692 (1st Cir.1993), relied on by the district court, is distinguishable. In Goldman, no Rule 55(b)(2) notice was required before a party was found to be in default for failure to appear, after the court had explicitly warned the party in two separate orders that failure to comply with certain orders could result in the imposition of sanctions, which included entry of default. Id.
 
 
 10
 Accordingly, we affirm the judgment of the district court as to Dale Ashmore, we reverse the judgment of the district court as to Rodney Ashmore, and we remand for further proceedings.