**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2807WA

_____

| | | |
|---|---|---|
| McMillian/McMillian, Inc., | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Monticello Insurance Co., | * | Appeal from the United States |
| | * | District Court for the Western |
| Defendant-Appellee, | * | District of Arkansas. |
| | * | |
| v. | * | |
| | * | |
| David McMillian, | * | |
| | * | |
| Third Party-Appellant. | * | |

_____

Submitted: March 13, 1997
Filed: June 17, 1997

_____

Before FAGG and HEANEY, Circuit Judges, and NANGLE,[*] District Judge.

_____

FAGG, Circuit Judge.

---

[*]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

A laundromat owned by McMillian/McMillian, Inc. (M/M) burned down. Believing the fire had been deliberately set, Monticello Insurance Company denied coverage under a policy exclusion for incendiary fires, and M/M sued Monticello for breach of contract. Monticello filed a third-party claim for indemnification against M/M's president, David McMillian, asserting McMillian set the fire himself. After McMillian evaded Monticello's attempts to serve him personally, Monticello served process by warning order, see Ark. R. Civ. P. 4(f)(1), but McMillian never answered the third-party complaint. Monticello secured an entry of default by the clerk of court and then moved for a default judgment. Roused at last, McMillian filed a cross-motion to set aside the entry of default. The district court denied McMillian's motion and entered a default judgment. A few days later, the underlying coverage dispute was tried. The jury was instructed that McMillian had suffered a default judgment, and as a result he could not contest the third-party complaint's assertion that McMillian had set the fire. The case went to the jury on the sole question of whether McMillian was acting as M/M's agent when he burned the laundromat. The jury found in favor of Monticello, and the district court denied M/M's and McMillian's posttrial motions to set aside the default judgment and for a new trial. McMillian and M/M appeal the denial of their posttrial motions. McMillian also appeals from the default judgment itself, assigning error to the denial of his motion to set aside the clerk's entry of default. We affirm.

In its default judgment, the district court awarded Monticello "full indemnity from David McMillian for any and all damages that may be awarded against Monticello Insurance Company by way of the underlying suit in this matter." Having prevailed in the underlying suit, Monticello incurred no liability for McMillian to indemnify. Thus, the default judgment entered against McMillian would be a moot issue were it not for the role the judgment played at trial. What McMillian and M/M really want is a new trial, with no default judgment jury instruction adversely determining the key material fact. We will reverse the denial of a motion for a new trial only if the denial "'represents a clear abuse of discretion or a new trial is necessary to avoid a

miscarriage of justice.'" <u>Lamb Eng'g & Constr. Co. v. Nebraska Pub. Power Dist.</u>, 103 F.3d 1422, 1430 (8th Cir. 1997) (quoting <u>Farmland Indus., Inc. v. Morrison-Quirk Grain Corp.</u>, 54 F.3d 478, 483 (8th Cir. 1995)).  Having reviewed the record and the parties' briefs, we conclude the district court properly denied McMillian's and M/M's new trial motion because the district court acted within its discretion in refusing to set aside both the entry of default and the default judgment.  <u>See</u> <u>Canal Ins. Co. v. Ashmore</u>, 61 F.3d 15, 17 (8th Cir. 1995) (per curiam); <u>Pretzel & Stouffer v. Imperial Adjusters, Inc.</u>, 28 F.3d 42, 44-45 (7th Cir. 1994).

McMillian contends he showed good cause for the district court to set aside entry of default, <u>see</u> Fed. R. Civ. P. 55(c), because Monticello's service of process on McMillian was defective.  According to McMillian, Monticello neglected to enclose a copy of its third-party complaint with the warning order, as it was obliged to do.  <u>See</u> Ark. R. Civ. P. 4(f)(1).  By affidavit, counsel for Monticello attested he mailed McMillian both the warning order and the complaint.  The district court believed counsel for Monticello, and we defer to the district court's credibility assessment. McMillian also complains that M/M's attorney was not notified in June 1995 that the district court had granted Monticello leave to file its third-party complaint.  Failure to notify counsel for M/M in 1995 is not good cause to set aside McMillian's default because M/M's attorney did not begin representing McMillian until after the clerk entered the default in April 1996.  Because McMillian failed to show good cause for his default as Rule 55(c) requires, the district court did not abuse its discretion when it declined to consider the meritoriousness of McMillian's defense to the third-party complaint or the potential prejudice to Monticello from setting aside the entry of default.  <u>See</u> <u>Ackra Direct Mktg. Corp. v. Fingerhut Corp.</u>, 86 F.3d 852, 857 (8th Cir. 1996); <u>Pretzel & Stouffer</u>, 28 F.3d at 46.  Besides, McMillian's so-called defense was lame.  He claimed that injuries he sustained in a severe beating made it physically impossible for him to be present at the scene of the fire the night the laundromat burned.  He admitted, however, that he visited the scene the very next morning.

M/M and McMillian also contend the district court should have vacated the default judgment and granted a new trial because the default judgment was entered prematurely and thus the jury never should have heard about it in the first place. Relying on Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872), McMillian and M/M argue the district court was obliged to wait until the trial was over before entering the default judgment. In Frow, De La Vega sued Frow and thirteen others, claiming they had conspired to defraud him of title to property. The court entered judgment against Frow when Frow defaulted, but then dismissed De La Vega's claims against the rest of the defendants. As a result, conflicting judgments declared De La Vega both had and had not been defrauded of title. To prevent this kind of "absurdity," Frow, 82 U.S. at 554, the Supreme Court held that when defendants are sued as jointly liable, and less than all default, the court may not enter default judgment against the defaulted defendants until the liability of the nondefaulted defendants has been decided. See generally In re Uranium Antitrust Litigation, 617 F.2d 1248, 1256-58 (7th Cir. 1980) (explaining Frow). Frow has no bearing on this case, however. Although McMillian and M/M share closely related interests, they were not codefendants facing lawsuit on a theory of joint liability, where "no one defendant may be liable unless all defendants are liable." 10 James Wm. Moore et al., Moore's Federal Practice § 55.25 (3d ed. 1997). McMillian's responsibility for the fire would not have implicated M/M if McMillian had acted on his own and not as M/M's agent. Further, because Monticello sued McMillian for indemnification, McMillian's liability hinged on Monticello's, not M/M's.

Finally, although it is unlikely M/M preserved the issue for our review, M/M contends the district court improperly instructed the jury that the default judgment cut off McMillian's right to testify he did not cause the fire. Contrary to M/M's view, when a default judgment has been entered, facts alleged in the complaint--here, that McMillian was responsible for the fire--may not be contested by the defaulted party. See Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994).

We thus affirm both the district court's default judgment and its judgment on the jury's verdict in favor of Monticello.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.