United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

Nos. 96-2847/3587

_____

| | |
|---|---|
| Gary Hall, doing business as Hall's Food Marts, | * |
| | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States District |
| v. | * Court for the Western District of |
| | * Missouri. |
| T.J. Cinnamon's, Inc., | * |
| | * |
| Appellant. | * |

_____

Submitted: May 21, 1997
Filed: August 14, 1997

_____

Before BEAM, FRIEDMAN,[1] and LOKEN, Circuit Judges.

_____

BEAM, Circuit Judge.

T.J. Cinnamon's, Inc. (TJC) appeals from the district court's[2] orders entering default judgment against it and denying it Rule 60(b) relief. We affirm.

_____

[1]The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

[2]The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

# I. BACKGROUND

Gary Hall is a citizen and resident of Missouri. TJC is a Delaware corporation, with its principal place of business in New Jersey. In June 1986, Hall and TJC entered into a franchise agreement. In 1994, disputes arose between the two concerning their respective obligations under the agreement. Both parties claimed the other had breached the franchise agreement: Hall claimed TJC breached the agreement by failing to remit funds due him from Sam's Club;[3] TJC claimed Hall breached the agreement by failing to operate a retail outlet. In August 1995, Hall commenced this action against TJC alleging that it had: (1) breached the franchise agreement by failing to remit the Sam's Club funds; (2) wrongfully terminated the franchise agreement; and (3) failed to honor Hall's exclusive franchise rights to the Springfield, Missouri territory. Hall also requested an accounting of the Sam's Club funds. In early October, TJC was served with the summons and complaint.

TJC failed to answer the complaint. In December 1995, Hall moved for entry of default, and later, for entry of default judgment against TJC. The district court entered an order requiring TJC to show cause why a default judgment should not be entered against it. TJC again failed to respond. The district court then scheduled a hearing on the default judgment.

Before the default judgment hearing, TJC's New York counsel wrote a letter to the Missouri district court explaining that TJC would not retain local counsel because of its poor financial condition. The letter further explained that TJC did not intend to enter an appearance in the litigation. The default judgment hearing was held on May

---

[3]As part of the franchise agreement, Hall made and delivered baked goods to a local Sam's Club food wholesaler. Sam's Club would then pay TJC for the goods, and in turn, TJC would pay Hall.

15, 1996. Although TJC did not appear at the hearing or enter an appearance, Hall testified and submitted documents in support of his claims. The district court subsequently entered default judgment for Hall on all claims.[4]

Following the entry of default judgment on May 31, TJC retained local counsel and, on June 28, appealed the entry of the default judgment. On that date, TJC also filed a motion to set aside the default judgment under Federal Rules of Civil Procedure 55(c) and 60(b). After the district court denied TJC's request for Rule 60(b) relief, TJC filed another notice of appeal, challenging that denial.

## II. DISCUSSION

TJC attempts to characterize its default as technical and not willful. The record, however, supports the district court's conclusion that TJC chose to ignore this litigation. We review the district court's entrance of default judgment for an abuse of discretion. Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993). We find no abuse.

When served with the complaint, TJC was warned that failure to answer within the allotted time would result in default judgment being entered against it. Despite its knowledge of both the underlying lawsuit and the request for default judgment, TJC watched the litigation from afar for over seven months, apparently without any intention of entering an appearance or defending the action in a legally cognizable manner. Furthermore, TJC's alleged inability to retain local counsel is belied by its own actions as it promptly hired local counsel following the entry of default judgment. Faced with TJC's refusal to respond to the litigation, the district court entered default judgment and

---

[4]The district court awarded Hall the following sums: (1) $10,123.69 plus interest and $5,348.44 for attorney's fees on the claim for past-due Sam's Club funds; (2) $50,000 on the wrongful termination of franchise agreement claim; and (3) $20,000 on the territorial rights claim. The court dismissed as moot Hall's request for an accounting of the Sam's Club funds, in light of its award of damages on that claim.

awarded Hall the damages he established with sufficient certainty.  In refusing to sanction TJC's inaction, the district court committed no abuse of discretion.

We next address the appeal from the denial of Rule 60(b) relief.  On the same day TJC appealed the district court's default judgment to this court, it asked the district court to set aside that same decision.  The filing of this Rule 60(b) motion more than ten days after the entry of default judgment failed to stay the finality of the appealed order.  See Fed. R. App. P. 4(a)(4)(F).  Thus, the notice of appeal was timely and vested jurisdiction over the issue of the validity of the default judgment in this court. Since it is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously, Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), it is possible, if not likely, that the district court had no jurisdiction to consider the soundness of the default judgment as requested by the Rule 60(b) motion.  However, assuming, arguendo, that the district court order denying the Rule 60(b) motion is now properly before us,  we note that on these facts, TJC has not shown mistake, excusable neglect or any other grounds warranting relief from judgment.  Consequently, we find that the refusal to set aside the default judgment was well within the district court's discretion.  See Canal Ins. Co. v. Ashmore, 61 F.3d 15, 17 (8th Cir. 1995).  We have considered the remainder of TJC's arguments and find them to be without merit.

**III.  CONCLUSION**

Finding no abuse of discretion in the district court's entry of default judgment for Hall, we affirm as to that appeal.  We also affirm the denial of the Rule 60(b) motion.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.