# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3169

_____

Radu Rasidescu,                          *
                                         *
        Appellant,                  *    Appeal from the United States
                                         *    District Court for the District
   v.                                    *    of Minnesota.
                                         *
Globe College, Inc.; Carin Wolchock,     *        [UNPUBLISHED]
                                         *
        Appellees.                  *

_____

Submitted:  July 7, 2004
    Filed:  July 26, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Radu Rasidescu appeals the district court's dismissal with prejudice of Rasidescu's breach-of-contract and civil rights action for failure to prosecute. Rasidescu brought the action against Globe College, where he was an instructor, and his supervisor, Carin Wolchock. When defendants failed timely to answer, the district court entered default against them under Federal Rule of Civil Procedure 55(a). On defendants' motion, however, the court set aside the default entry under Federal Rule of Civil Procedure 55(c). The court also denied Rasidescu's motion to recuse the district judge.

Defendants then filed a motion to dismiss, asserting that Rasidescu's filings did not comport with multiple federal rules. The district court entered an order granting Rasidescu leave to amend his complaint "to conform with Rules 8 and 9 of the Federal Rules of Civil Procedure." Although Rasidescu filed an amended complaint, the court dismissed the action with prejudice for failure to prosecute, stating Rasidescu had an opportunity to conform his pleading with the Federal Rules of Civil Procedure, and he had not done so.

On appeal, Rasidescu argues the district judge should have recused himself, based on Rasidescu's belief the court had contacted defendants about the pending action. We hold the court properly denied Rasidescu's motion to recuse, because there was no support for his belief. See Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003). Turning to Rasidescu's challenge of the district court's order setting aside the default entry, we conclude the court did not abuse its discretion because defendants made an ample showing of excusable neglect due to their good-faith mistake in misconstruing both of Rasidescu's filings to relate to a pending state-court action involving the same parties. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784-85 (8th Cir. 1998). Contrary to Rasidescu's assertion, in ruling on the motion to set aside the default, the court did not abuse its discretion in considering the affidavit and motion arguments of defense counsel. See McMillian/McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319, 320 (8th Cir. 1997).

Nevertheless, we conclude the district court committed clear error in finding Rasidescu did not comply with Rule 8, and abused its discretion in dismissing with prejudice on that ground. See Avionic Co. v. Gen. Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992) (standard); Omaha Indian Tribe v. Tract I-Blackbird Bend Area, 933 F.2d 1462, 1468 (8th Cir.) (per curiam), cert. denied, 502 U.S. 942 (1991). Dismissal with prejudice is an extreme sanction, and it is appropriate when a plaintiff willfully or deliberately disobeys a court order. See Hunt v. City of Minneapolis,

Minn., 203 F.3d 524, 527 (8th Cir. 2000); First Gen. Res. Co. v. Elton Leather Corp., 958 F.2d 204, 206 (8th Cir. 1992) (per curiam).

Although the district court's dismissal order was not specific, we construe the dismissal to be a sanction for Rasidescu's failure to comply with the court's earlier order directing him to amend his complaint to conform with Rule 8. Rasidescu's complaint and amended complaint should be liberally construed, see Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam), and his accompanying affidavit should be considered as part of the complaint, see Fed. R. Civ. P. 10(c). In the affidavit attached to the original complaint, Rasidescu presented a narrative of events concerning his employment and his treatment, and claimed the defendants discriminated against him on the basis of his sex, religion, and national origin; he also claimed breach of state contract law. As amended, the complaint made clear that Rasidescu's claims were based on federal employment law and various state laws.

In our view, Rasidescu's complaint gave defendants fair notice of his claims and the basis for those claims, see Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002); set forth a short and plain statement of jurisdiction, his claims, and his entitlement to relief, see Fed. R. Civ. P. 8(a); and each allegation was simple, concise, and direct, see Fed. R. Civ. P. 8(e). Considering Rasidescu's pro se status and language difficulties, we conclude he satisfied the requirements of Rule 8, and the district court abused its discretion in dismissing his action for non-compliance. See Miles v. Ert., 722 F.2d 434, 435 (8th Cir. 1983) (per curiam) (reversing dismissal where pleadings alleging employer discriminated against plaintiff narrated sequence of events that arguably gave rise to a cause of action and could be addressed by responsive pleading).

Accordingly, we reverse the district court's dismissal and remand for further proceedings in conformity with this opinion.

_____