# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

———

No. 97-6037

———

Stephan Arleaux,                                                    *
                                                                   *
        Appellant                                          *
                                                                   *   Appeal from the United States
   v.                                                              *   Bankruptcy Court for the
                                                                   *   Southern District of Iowa
Selisia Arleaux,                                      *
                                                                   *
        Appellee                                           *

———

Submitted: June 24, 1997

Filed:  July 16, 1997

———

Before KOGER, Chief Judge, KRESSEL and DREHER, Bankruptcy Judges.

———

KRESSEL, Bankruptcy Judge.

### BACKGROUND

The appellant is the debtor in this Chapter 7 case.  The appellee is his ex-wife.  In October of 1994, Selisia Arleaux filed for divorce.    On February 7, 1995, the debtor filed an individual Chapter 7 petition, and a discharge was entered on May 10, 1995.  On March 25, 1996, the Iowa District Court for Polk County entered a decree dissolving the parties' marriage  and awarding

1

Selisia Arleaux alimony and child support.[1]  In response, the debtor moved to reopen his bankruptcy case to file a complaint to determine the dischargeability of his debt for alimony and support.  His ex-wife opposed the motion.  Noting that the debt was incurred after the order for relief was entered, the bankruptcy court[2] denied the debtor's motion.  The debtor appeals.

### DISCUSSION

In his appeal, the debtor asks this Court to reverse the bankruptcy court's decision denying his motion to reopen his bankruptcy case.[3]  11 U.S.C. § 350 governs the reopening of bankruptcy cases.  Section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b).

It is well settled that bankruptcy judges enjoy considerable discretion in deciding whether to reopen cases.  In re Rosinski, 759 F.2d 539, 540-41 (6th Cir. 1985) ("[D]ecisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge. . . ."); Hawkins v. Landmark Fin. Co., 727 F.2d 324, 326 (4th Cir. 1984) (holding that the decision to reopen "is committed to the court's discretion.").

---

[1]The decision is currently on appeal before the Iowa Supreme Court.

[2]The Honorable Russell J. Hill, Chief United States Bankruptcy Judge for the Southern District of Iowa.

[3]The debtor also made a motion to strike his ex-wife's brief.  Both parties have strayed from the record in their submissions to the court.  For purposes of this appeal, we rely on the record solely as developed in the bankruptcy court and not on the recitation of facts in the parties' briefs.  Therefore, the debtor's motion to strike his ex-wife's brief is unnecessary. Accordingly, it is denied.

2

Accordingly, we review the bankruptcy court's decision not to reopen for an abuse of discretion. In re Herzig, 96 B.R. 264, 266 (B.A.P. 9th Cir. 1989) (holding that decision to reopen "will not be set aside absent an abuse of discretion."); Citizens Bank & Trust Co. v. Case (In re Case), 937 F.2d 1014, 1018 (5th Cir. 1991) ("Our review of the bankruptcy court's decision to reopen an estate or proceeding is governed by the abuse of discretion standard.").

In the instant case, the bankruptcy judge based his denial of the debtor's motion largely on the conclusion that reopening the case would provide no relief to the debtor. Ordinarily, when a request is made to reopen a case for the purpose of filing a dischargeability complaint, the court should reopen routinely and reach the merits of the underlying dispute only in the context of the adversary proceeding, not as part of the motion to reopen. However, where, as here, the proposed dischargeability complaint is completely lacking in merit, it is not inappropriate for the court to examine the issues, nor is it an abuse of discretion to deny the motion to reopen.[4]

For example, in In re Beezley, 994 F.2d 1433 (9th Cir. 1993), the debtor moved to reopen his case to add an omitted creditor to his bankruptcy schedules. Noting that the debtor's case was a "no-asset, no bar-date Chapter 7 proceeding," the court remarked that the debtor's request to amend his bankruptcy schedules to discharge the omitted debt was "a request for that which is legally irrelevant." Id. at 1437. Therefore, the Ninth Circuit reasoned that the bankruptcy court

---

[4]This is somewhat analogous to a Rule 60(b)(1) motion. Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect. . . ." Fed. R. Civ. P. 60(b)(1). Courts routinely deny Rule 60(b)(1) motions unless the movant can demonstrate a meritorious defense. See United States v. 50th Street South, 5 F.3d 1137, 1138 (8th Cir. 1993); Hoover v. Valley West D M, 823 F.2d 277, 280 (8th Cir. 1987); Marshall v. Boyd, 658 F.2d 552, 555 (8th Cir. 1981); Assman v. Fleming, 159 F.2d 332, 336 (8th Cir. 1947).

did not abuse its discretion in summarily denying the debtor's motion: "The bankruptcy court was surely not required to involve itself in such a pointless exercise [and] could, without abuse of discretion, have simply rejected [the debtor's] motion out of hand." Id. See In re Herzig, 96 B.R. at 267 (denying debtor's motion to reopen because "the recovery of unadministered assets appears too remote . . . to justify the reopening of the case."); In re Hardy, No. 91-20469, 1997 WL 192273, at *8 (Bankr. E.D. Va. Jan. 28, 1997) (denying debtor's motion to reopen his case to bring an action under 11 U.S.C. § 525 (b) because the debtor could not demonstrate an employer-employee relationship).

In their submissions to the Court, the parties cite numerous cases, which, in the main, are off the mark. For example, the debtor argues that his debt to his ex-wife was discharged in bankruptcy because it is in the nature of a property settlement. See 11 U.S.C. § 523(a)(5). However, as the bankruptcy court correctly recognized, the classification of the debt is irrelevant since it was incurred after the debtor filed his bankruptcy petition.

Contrary to the parties' positions, the issue presently before this Court is one of *timing*. See In re Neier, 45 B.R. 740, 743 (Bankr. N.D. Ohio 1985) (holding that "timing is the dispositive issue" in dischargeability case). In this case, the debtor filed his bankruptcy petition on February 7, 1995. The debtor received his discharge on May 10, 1995. On March 25, 1996, the divorce court entered its decree awarding Selisia Arleaux alimony and child support. The debtor seeks to discharge this debt even though it arose post-petition and, in fact, even after the discharge was entered.

The Code is clear that he cannot do so. 11 U.S.C. § 727 provides that a Chapter 7 discharge "discharges the debtor from all debts that arose *before* the date of the order for relief. . .

4

." (emphasis added).[5]  In <u>In re Neier</u>, 45 B.R. 740 (N.D. Ohio 1985), a case strikingly similar to this one, the debtor sought to enjoin his ex-wife from enforcing the provisions of a divorce decree entered *after* the debtor filed his bankruptcy petition.  The bankruptcy court denied the debtor's request for injunctive relief, holding that the discharge did not operate to discharge the debtor from debts which were incurred after the filing of the bankruptcy petition:

> [T]he law is clear that a discharge only applies to those debts "that arose before the date of the order for relief" as provided by § 727 (b) and that this obligation was a new debt created in a divorce decree more than one year after the debtor filed his petition in bankruptcy.

<u>Id.</u> at 741.

## CONCLUSION

Since the bankruptcy court correctly concluded that the debtor's dischargeability claim was without merit, we find that it did not abuse its discretion in denying the debtor's motion to reopen his bankruptcy case.  Accordingly, the decision of the bankruptcy court is affirmed.

A true copy.

Attest:

        CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR
THE EIGHTH CIRCUIT

---

[5]In a voluntary case, the filing of a petition also acts as the order for relief.  11 U.S.C § 301.

5