# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 01-6019 MN

---

In re:                                    *
                                          *
Canal Street Limited Partnership          *
                                          *
          Debtor.                         *
                                          *
Ross Dworsky,                             *        Appeal from the United States
                                          *        Bankruptcy Court for the
          Appellant,                      *        District of Minnesota
                                          *
          v.                              *
                                          *
Canal Street Limited Partnership,         *
                                          *
          Appellee.                       *
                                          *

---

Submitted: October 2, 2001
Filed: November 8, 2001

---

Before KOGER, HILL and SCHERMER, Bankruptcy Judges.

SCHERMER, Bankruptcy Judge.

The creditor, Ross Dworsky, ("Creditor") appeals the bankruptcy court's [1] order denying the Application of Creditor for Order Reopening Chapter 11 Case. We have jurisdiction over this appeal from the final order of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

ISSUE

The issues on appeal are: (1) whether the Creditor has standing to appeal from the bankruptcy court's order denying his Application for Order Reopening the Chapter 11 case; (2) whether a hearing must be granted upon application to reopen a closed chapter 11 case; (3) whether the bankruptcy court abused its discretion when it denied Creditor's Application for Order Reopening the Chapter 11 case; and (4) whether Local Rule 5010-1 adopted by the Bankruptcy Court for the District of Minnesota is unconstitutional because it allows the court to rule on the application without conducting a hearing. We conclude that: (1) the Creditor has standing to appeal the bankruptcy court's order; (2) a hearing is not required for a bankruptcy court to rule on an application to reopen a closed chapter 11 case; (3) the court did not abuse its discretion when it denied the Creditor's Application for Order Reopening the Chapter 11 case; and (4) Local Rule 5010-1 is constitutional.

BACKGROUND

Canal Street Limited Partnership ("Debtor") was formed in 1985 for the purpose of acquiring, renovating, and operating a multi-use office building known as the Crown Roller Mill Building ("Crown Roller Mill"). The Crown Roller Mill is owned by the Debtor and is its only significant asset. Some of the financing for the acquisition, renovation and operation of Crown Roller Mill was provided by the issuance and sale

---

[1]The Honorable Gregory F. Kishel, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

of Commercial Development Revenue Bonds ("Canal Bonds"). National City Bank of Minneapolis ("NCB") was named trustee in connection with the issuance of the Canal Bonds pursuant to the terms of an Indenture of Trust between MCDA and NCB.

On September 14, 1990, an involuntary bankruptcy petition was filed against the Debtor and on October 1, 1990, an order for relief under chapter 11 of the Bankruptcy Code was entered. That chapter 11 proceeding resulted in confirmation of the Debtor's Plan of reorganization on October 16, 1991. On January 4, 1996, the Debtor filed a second chapter 11 and on May 8, 1996, the Debtor's Second Amended Plan of Reorganization (the "Plan") was confirmed. The Debtor's Plan preserved certain pre-existing rights, duties, and remedies running between the Debtor and the members of the class of bondholders that had been fixed by the first confirmed plan. The terms clearly contemplated that upon default by the Debtor, bondholders' interests could be advanced by foreclosure of the mortgage that secured the original bond issue. After substantial consummation of the Plan, the chapter 11 case was closed by an order and final decree entered on August 13, 1996.

Some time after the 1996 chapter 11, the Creditor purchased approximately 50% of the outstanding Canal Bonds from parties who were bondholders in the 1996 chapter 11, subject to all post-confirmation rights and obligations. It is the Creditor's belief that Debtor has materially defaulted under the terms of the 1996 Plan by not making distributions to holders of its revenue bonds from Excess Cash Flow, a defined term in the Plan meaning revenue from the Crown Roller Mill minus operating expenses, current and prior taxes, and certain required reserves. The Creditor asserted that this default is sufficient cause to reopen the closed chapter 11 case, notwithstanding the passage of five years. On February 28, 2001, the Creditor requested that the United States Bankruptcy Court for the District of Minnesota reopen Debtor's 1996 chapter 11 case in order to convert to chapter 7 or to dismiss. Pursuant to Local Rule 5010-1, a request to reopen a case shall be made by

application. This rule also provides that the court may rule on the application without conducting a hearing.

On March 21, 2001, the bankruptcy court issued an order denying the application for order reopening the Debtor's chapter 11 case. The court held that in the ordinary course of reorganization under the Bankruptcy Code, "confirmation of a plan vests all of the property of the [bankruptcy] estate in the debtor." 11 U.S.C.§ 1141(b).[2] Because the Debtor's confirmed Plan contained no language to the contrary, all property of the Debtor re-vested in the Debtor upon confirmation in May, 1996. Therefore, there would be no assets for a trustee under chapter 7 to administer were the chapter 11 converted. Liquidation could not occur and Creditor's best interests could not be served.

## STANDARD OF REVIEW

The facts are not in dispute. We review the bankruptcy court's decision not to reopen for an abuse of discretion. See Arleaux v. Arleaux, 210 B.R. 148, 149 (B.A.P. 8th Cir. 1997); Citizens Bank & Trust Co. v. Case (In re Case), 937 F.2d 1014, 1018 (5th Cir. 1991); In re Herzig, 96 B.R. 264, 266 (B.A.P. 9th Cir. 1989). Under an abuse of discretion standard, this court cannot reverse the bankruptcy court's ruling unless it has a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. See In re Kieffer-Mickes, Inc., 226 B.R. 204 (B.A.P. 8th Cir. 1998)(citing In re Nelson, 223 B.R. 349, 352 (B.A.P. 8h Cir. 1998)). A court abuses its discretion if it fails to exercise that discretion or if it makes a decision without providing reasons. See ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1459 (10th Cir. 1995).

---

[2]References herein to section numbers refer to 11 U.S.C. unless otherwise described.

DISCUSSION

(1)  Creditor's standing to appeal from the bankruptcy court's order.

On appeal, the Debtor challenges the standing of the Creditor to seek the relief requested. Standing is an element of federal subject matter jurisdiction which cannot be waived and may be raised at any time by a party or by the court. See In re Popkin & Stern, 266 B.R. 146, 152 (B.A.P. 8th Cir. 2001); Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998). If the Creditor does not have standing, then this court does not have jurisdiction to decide any other issues raised on appeal. See id.

Under § 350(b), "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Rule 5010 specifies the parties who may invoke § 350(b). It states: "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the code." Fed. R. Bankr. P. 5010. The definition of a party in interest is broadly defined in §1109(b) to include the debtor, the trustee, a creditor's committee, an equity security holder's committee, a creditor, an equity security holder, or any indenture trustee. The case law on standing in the circumstance of reopening a closed case has been confined to debtors, creditors, and trustees with a particular and/or direct stake in the reopened case. See In re Alpex Computer Corp., 71 F.3d 353, 356 (10th Cir. 1995). To appeal from an order of the bankruptcy court, the appellants must have been directly and adversely affected pecuniarily by the order. See In re Marlar, 252 B.R. 743, 748 (B.A.P. 8th Cir. 2000). This principle, also known as the "person aggrieved" doctrine, limits standing to persons with a financial stake in the bankruptcy court's order. See id. Adequate circumstances arise when a bankruptcy court order "diminishes the person's property, increases the person's burdens, or impairs the person's rights." In re Andreuccetti, 975 F.2d 413, 416 (7th Cir. 1992). Whether an appellant is a person aggrieved is a question of fact. See id. (citing Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc., 77 F.3d 880, 882 (6th Cir. 1996)).

5

Since the appellant Creditor is the holder of 50% of the Canal Bonds, he certainly meets the broad definition of a party in interest under § 1109(b) and the more constrained definition in Alpex. Therefore, he has standing to seek the relief sought in the application to reopen. On appeal, although the Creditor's burden has not been increased nor have any rights been impaired, under the circumstances of this case the financial stake the Creditor has in the reorganized Debtor is sufficient as a property interest to trigger appellate review.

(2)    <u>A hearing is not required for a bankruptcy court to rule on an application to reopen a closed Chapter 11 case.</u>

It is the Creditor's position that he is entitled to a hearing in pursuit of his application to reopen the closed chapter 11 and that Local Rule 5010-1 of the Local Rules of Bankruptcy Proceedings for the District of Minnesota[3] is inconsistent with the Federal Rules of Bankruptcy Procedure. The Creditor clings to the words "on motion" as they appear in Rule 5010, in contrast to the words "by application" as they appear in Local Rule 5010-1, to suggest that a contested matter arises under Rule 9014. Under this rule a contested matter gives rise to an opportunity for hearing. See Fed. R. Bankr. P. 9014. However, it is § 350, not local rules, that governs the Creditor's right to a hearing.

There is no mention of the phrase "notice and a hearing" in § 350(b) of the Bankruptcy Code connoting the statutory need for a hearing. When Congress intended to require "notice and a hearing" in the Bankruptcy Code, it clearly knew how to do so. There are multiple instances throughout the Code where Congress expressly

---

[3]Local Rule 5010-1(c) states "A request to reopen a case shall be made by application. The application shall be served on the debtor, the United States Trustee and the trustee that served in the case. The court may rule on the application without conducting a hearing."

directs that "notice and a hearing" are required.[4] Unfortunately for the Creditor, § 350 is not one of them. Additionally, the phrase "after notice and a hearing" is defined by § 102 of the Code, which provides:

> (1) "after notice and a hearing", or a similar phrase -
>> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>> (B) authorizes an act without an actual hearing if such notice is given properly and if -
>>> (i) such a hearing is not requested timely by a party in interest;
>> or
>>> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act.

There is no requirement in § 350 that the court provide a hearing on a motion to reopen. Even if there were, § 102 illustrates that such a right, even when explicitly required, is not unequivocal or absolute. Further, Local Rule 5010-1 simply requires that a request to reopen a case be made by application stating unequivocally that the court may rule on the application without conducting a hearing. The effect of this local rule is consistent with practice under the former Bankruptcy Act, under which the request to reopen was made by application that could be entertained ex parte and without notice. See In re Menk, 241 B.R. 896, 914 (B.A.P. 9th Cir. 1999)(citing In re Schreiber, 23 F.2d 428, 430 (2nd Cir. 1928); In re Zimmer, 63 F. Supp. 488, 489 (S.D. Cal. 1945); In re Dixon, 49 F. Supp. 977, 977-978 (S.D. Ga. 1943)). Additionally, courts have ruled that a motion to reopen under § 350 and pursuant to Rule 5010 can be considered ex parte and without a hearing. See id.; In re Flores, No. NM-00-069,

---

[4]The phrase "notice and a hearing" appears in seventy-two Code sections. *See, e.g.*, §303(e); §305(a); §324(a); §331; §362(e) & (f); §363(b)(1), (b)(2)(B)(iii) & (c)(2)(B); §364(b), (c), & (d)(1); §365(d)(10); §366(b); §502(b); §503(b); §505(b)(2); §510(c); §523(c)(1); §542(e); §543(c) & (d); §546(g); §552(b)(1) & (b)(2); §554(a) & (b); §1104(a) & (c); §1105; §1108; §1112(b); and §1113(e).

2001 WL 543677 at \*2 (B.A.P. 10th Cir. 2001) ("Motions to reopen under § 350 and Fed. R. Bankr. P. 5010 may be considered ex parte").  We are unable to find and Creditor has not provided us with any authority to the contrary.

Rather, the Creditor argues that § 1112(b) authorizes conversion or dismissal of a chapter 11 case post-confirmation, and discusses appropriate considerations  in making that decision.  A motion under § 1112(b) triggers the right to notice and a hearing.  However, § 1112(b) is not operative until a motion or application to reopen a closed case is granted, a decision left to the capable discretion of the bankruptcy court.  Section 1112(b) is simply not a tool to reopen a closed case.

(3)    <u>The court did not abuse its discretion when it denied the Creditor's Application for Order Reopening the Chapter 11 case.</u>

The bankruptcy judge based his denial of the Creditor's application for order reopening chapter 11 case largely on the conclusion that effective judicial relief would not be available to the Creditor and reopening the case would not serve the best interests of creditors.  The bankruptcy court found that in the ordinary course of reorganization under the Bankruptcy Code, "confirmation of a plan vests all of the property of the bankruptcy estate in the debtor."  11 U.S.C. § 1141(b).  The prefatory language of § 1141(b) allows for the plan or order confirming the plan to provide for contrary treatment.  Because the Debtor's Plan did not, all of the assets of the Debtor's estate under chapter 11 re-vested in the Debtor at confirmation.  The instant case was a single asset case, where all property was provided for in the 1996 chapter 11 Plan.  Because the Crown Roller Mill building and all revenue it generated was provided for in the Plan, there was nothing to administer following confirmation of the Plan.

Though the above disposes of the issue at hand, there are several additional considerations militating toward this result.  It is well founded that "based upon a

confirmed plan, credit is extended, assets are sold, corporate entities are created or merged, and so on. Presumably mindful of the intricate chain of events that is often set in motion by the order of confirmation, Congress made the considered choice that only fraud would warrant an attempt to 'unscramble the egg,' and even then only within the 180-day time frame imposed by § 1144." In re Winom Tool and Die, Inc., 173 B.R. 613, 616 (Bankr. E.D. Mich. 1994). Further, a chapter 11 plan is no more than the restructuring of contractual obligations. It is a contract created by a court order rather than by the consent of the parties. See In re Page, 118 B.R. 456, 460 (Bankr. N.D. Tex. 1990); In re Depew, 115 B.R. 965, 966 (Bankr. N.D. Ind. 1989); In re Grinstead, 75 B.R. 2, 3 (Bankr. D. Minn. 1985). The obligations imposed on the parties by this contract are enforceable in an action at law. See Paul v. Morris, 906 F.2d 1468, 1471 (10th Cir. 1990). Reopening a closed, substantially consummated chapter 11 case in which all property was provided for after five years would be a futile effort to put the non-existent scrambled egg back in the shell. The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure do not provide for this.

Because the bankruptcy court correctly concluded that the relief sought by the Creditor was not available, we find that it did not abuse its discretion in denying the Creditor's application to reopen this case five years after confirmation.

(4)    Local Rule 5010-1 adopted and applied by the Bankruptcy Court for the District of Minnesota is not unconstitutional.

Exclusive power for promulgating rules of bankruptcy is vested in the Supreme Court and the Congress of the United States by 28 U.S.C. § 2075. Bankruptcy Rule 5010 was promulgated in conformance with this statutory provision. The rules properly allow each local court to adopt local rules of practice and procedure. Such local rules are clearly subordinate to, and may not be inconsistent with, the federal rules. See Fed. R. Bankr. P 9029. As a general rule of law, any local rule of bankruptcy procedure that conflicts with a federal rule of bankruptcy procedure is

invalid and of no effect. <u>See</u> <u>In re McGowan</u>, 226 B.R. 13, 19 (B.A.P. 8th Cir. 1998). A local rule "may only be upheld if (a) it is consistent with the Bankruptcy Code in that it does not 'abridge, enlarge, or modify any substantive right,' as required by 28 U.S.C. § 2075 and (b) it is 'a matter of procedure not inconsistent with' the Bankruptcy Rules as required by Bankruptcy Rule 9029." <u>Id</u>. If a local rule fails either prong of the two-pronged test, it is invalid. <u>See</u> <u>id</u>. "Consistent is defined as 'coexisting and showing no noteworthy opposing, conflicting, inharmonious, or contradictory qualities or trends' or 'jointly assertable so as to be true or not contradictory.' " <u>Id</u>. (quoting Webster's Third New International Dictionary 484 (1976)).

Local Rule 5010-1 does not abridge, enlarge, or modify any of the Creditor's substantive rights. The Creditor argues vehemently that Rule 5010 states that a case may be reopened "on motion" giving rise to a contested matter and requisite hearing. Thus, because Local Rule 5010-1 states that a request to reopen a case shall be made "by application" and that the application may be ruled on without conducting a hearing, his right to a hearing has been abridged. Since § 350 does not provide for a hearing on a motion to reopen and Rule 5010 does not provide for a hearing on a motion to reopen, Local Rule 5010-1 is not in conflict with either the statute or with the Federal Bankruptcy Rule. Our colleagues in the Ninth Circuit have held that "although the reopening procedure prescribed by Rule 5010 requires a motion it does not require that notice be given to anyone. Nor does § 350(b) contain the talismanic mention of notice and a hearing that connotes the statutory need to permit a contest." <u>In re Menk</u>, 251 B.R. 896, 914 (B.A.P. 9th Cir. 1999). Thus, the motion referred to in Rule 5010 may be considered ex parte just as the application referred to in Local Rule 5010-1.

Because Local Rule 5010-1 does not abridge, enlarge, or modify any substantive rights and because it is not in conflict with its federal counterpart, the local rule is valid.

10

CONCLUSION

The Creditor is a party in interest under Federal Rule of Bankruptcy Procedure 5010 and thus had standing to seek the relief initially sought and to bring this appeal. Section 350 does not require the bankruptcy court to provide notice and a hearing prior to ruling on an application to reopen a closed Chapter 11 case. The bankruptcy court did not abuse its discretion by denying the Creditor's application to reopen a closed chapter 11 case because the relief sought was unavailable. Local Rule 5010-1 is constitutionally valid as it does not abridge, enlarge or modify any substantive rights and it is consistent with the corresponding, properly promulgated Federal Rule of Bankruptcy Procedure. We affirm the order of the court below.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT