In re WEST POINTE LIMITED PARTNERSHIP, d/b/a West Pointe Apartments, a Missouri Limited Partnership, Debtor.

In re Northwest Village Limited Partnership, d/b/a Northwest Village Apartments, a Missouri Limited Partnership, Debtor.

In re Grandview Hills Limited Partnership d/b/a Grandview Hills Apartments, a Missouri Limited Partnership, Debtor.

In re Park Ridge Apartments Limited Partnership d/b/a Park Ridge Apartments, a Missouri Limited Partnership, Debtor.

In re Lamplite Limited Partnership, d/b/a Springwood Apartments, a Missouri Limited Partnership, Debtor.

Nos. 90–44326–172 to 90–44330–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Nov. 27, 2001.

Husch, Eppenberg, St. Louis, MO, Local Counsel for Prairie Properties, L.L.C.

F. Guthrie Castle, Jr., Memphis, TN, for Post–Confirmation Debtors.

Terry Pabst, The Law Offices of Terry Pabst, P.C., St. Louis, MO, for The Gannon Management, Company of Missouri and William E. Franke.

Gregory A. Lowry, Dallas, TX, for Prairie Properties, L.L.C.

Thomas G. Berndsen, St. Louis, MO, for Cynthia McNeal.

### *ORDER*

JAMES J. BARTA, Bankruptcy Judge.

This matter concerns the motions of the post-confirmation Debtors to convert to Chapter 7 or Chapter 13, more than nine years after confirmation of a Chapter 11 plan of reorganization.

After a contested confirmation proceeding, the Court confirmed a plan of reorganization that had been proposed by Gannon Management Company of Missouri and William E. Franke ("Gannon/Franke"). The plan was confirmed on June 22, 1992 overruling the objections of West Pointe Ltd. Partnership, Northwest Village Limited Partnership, Grandview Hills Limited Partnership, Park Ridge Apartments Limited Partnership and Lamplite Limited Partnership, the pre-confirmation Debtors In Possession, who are the post-confirmation Debtors here. The post-confirmation Debtors' appeals of the Confirmation Order and other Bankruptcy Court orders have been denied by the United States District Court and the U.S. Eighth Circuit Court of Appeals. Four days after these motions were filed in the Bankruptcy Court, the United States Supreme Court denied the post-confirmation Debtors' Petition for Writ of Certiorari.

The Gannon/Franke entities and Prairie Properties, LLC ("Prairie") have argued that under the terms of the confirmed plan, the Effective Date of the plan has occurred. The earlier requests of the

post-confirmation Debtors for a stay of the Order of Confirmation have been refused at every instance. It appears from the record that a major provision in the confirmed plan requires that the post-confirmation Debtors are to execute a deed in favor of Gannon Partnership 19 L.P. ("G.P.19") with respect to bare record title to the Apartment Complexes that are the principal assets in these cases. This provision has not been satisfied by the post-confirmation Debtors. The Gannon/Franke entities have scheduled a hearing on their motion to hold certain parties in contempt for failure to cause the post-confirmation Debtors to make these transfers. But for these transfers, little other activity is required under the confirmed plan.

On October 11, 2001, the post-confirmation Debtors in these separate but jointly administered Chapter 11 cases, filed the "Motion and Notice of Conversion of Case to Chapter 7" (Motion 511 in the lead case No. 90–44326–172). On October 26, 2001, the Gannon/Franke entities filed a memorandum in opposition to conversion to Chapter 7. On October 31, 2001, Prairie filed a separate response, and requested that the motion to convert be denied. On November 7, 2001, the Debtors filed a memorandum in reply to the responses of Gannon/Franke and Prairie; advanced a theory based on similarities with a Chapter 13 case; and concluded by requesting "that the Court grant their Motion for Conversion of their Chapter 11 cases to Chapter 13".

■ "Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." **11 U.S.C. § 706(d); 11 U.S.C. § 1112(f).** To be eligible to be a debtor under Chapter 13, a debtor must be an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $269,250.00 and non-contingent, liquidated, secured debts of less than $807,750.00. **11 U.S.C. § 109(e).** The post-confirmation Debtors here are partnerships, and the secured debt on the date of the filing of the Chapter 11 petitions was in excess of $60,000,000.00 (the secured debt for any single partnership was greater than $2,000,000.00).

The Debtors have not established their eligibility to proceed as debtors in a Chapter 13 case, and the request to convert to Chapter 13 will be denied.

■ Although all Parties have argued several questions in their pleadings, the principal issue that is ripe for determination here concerns the post-confirmation Debtors' requests to convert these cases to Chapter 7 cases after confirmation but prior to case closing.

The Bankruptcy Code provides that a debtor may convert a Chapter 11 case to a case under Chapter 7 unless the debtor is not a debtor in possession, or the case was originally commenced as an involuntary case under Chapter 11, or the case was converted to a case under Chapter 11 other than upon the debtor's request. **11 U.S.C. § 1112(a).** Although the language of Section 1112(a) does not specifically state that conversion is authorized "at any time", neither does it indicate that this permissive conversion to Chapter 7 is limited by circumstances such as whether or not a plan has been confirmed, or whether or not the case has been closed. The Court finds and concludes that recourse to Section 1112(a) is not prohibited by the circumstances in these cases.

In a Chapter 11 case, the term "debtor in possession" means debtor except when a person that has qualified under Section

322 is serving as trustee in the case. **11 U.S.C. § 1101(1).** In these cases, no trustees were appointed under 11 U.S.C. § 1104, and no persons were qualified to serve as pre-confirmation trustees under 11 U.S.C. § 322. The cases were not originally commenced as involuntary cases, and the cases were not converted from cases under another chapter to cases under Chapter 11.

■ The Court finds and concludes further that, absent language to the contrary that might appear in the terms of a particular confirmed plan or related Confirmation Order, a post-confirmation debtor enjoys the ability under Section 1112(a) of the Bankruptcy Code to convert the Chapter 11 case to a case under Chapter 7 before the case is closed. However, under Section 1112(a), the ability of a post-confirmation debtor to convert to Chapter 7 is not an absolute right, and must be prosecuted by means of a motion on notice to all creditors and parties in interest. See *In re T.S.P. Industries, Inc.*, 120 B.R. 107, 109 (Bankr.N.D.Ill.1990); *In re Roy Gooden Plumbing & Sewer Co., Inc.*, 156 B.R. 635, 637 (Bankr.E.D.Mo.1993); **Fed. R. Bankr.P. 1017(f) and 9013; 7 Collier on Bankruptcy, ¶ 1112.02[6], page 1112–13** (15th Ed. Revised). The post-confirmation Debtors' references to a notice of conversion to Chapter 7 are ineffective here and do not result in the entry of an Order for Relief under Chapter 7.

■ Neither the pleadings in this matter nor the Court's own review have identified any terms in the confirmed plan or the related orders of the Court that would prevent these post-confirmation Debtor entities from requesting conversion of the cases to liquidating cases under Chapter 7.

Conversion of a Chapter 11 case to a Chapter 7 case constitutes an order for relief under Chapter 7. Except for certain circumstances that have not been shown to exist here, the date of the order for relief in the converted case does not effect a change in the date of the commencement of the case. **11 U.S.C. § 348(a).** Commencement of a case creates an estate. **11 U.S.C. § 541(a).** Under the terms of the confirmed plan here, conversion to Chapter 7 would result in the creation of empty estates. Essentially all property of the pre-confirmation Chapter 11 estates is to be transferred under the plan. If other assets were to be identified, the record does not suggest that any meaningful value would be realized from a post-confirmation administration under Chapter 7. **See** *Ross Dworsky v. Canal Street Limited Partnership (In re Canal Street Limited Partnership)*, 269 B.R. 375 (8th Cir. BAP (Minn.) 2001).

In a Chapter 7 case, the Court is to grant a debtor a discharge unless the debtor is not an individual. **11 U.S.C. § 727(a)(1).** Although a partnership is included in the term "person", a partnership is not an individual under the Bankruptcy Code. **11 U.S.C. § 101(41).** A partnership may not discharge its debts in a liquidation proceeding under Chapter 7. **See** *National Labor Relations Board v. Better Building Supply Corp.*, 837 F.2d 377, 378 (9th Cir. 1988).

The post-confirmation Debtors here have exhausted their appeals of the Order of Confirmation; they have not argued that they have performed the responsibilities imposed on them by the plan, notwithstanding the binding affect of confirmation; and they are not individuals who may obtain an Order of Discharge of debts under 11 U.S.C. § 727(a)(1).

Therefore, there being no assets to be administered upon in a Chapter 7 case and there being no right to an Order of Discharge under Chapter 7, neither the best interests of creditors, nor the best inter-

ests of the estates would be served by conversion to Chapter 7.

**IT IS ORDERED** that these matters are concluded; and that the Motion of the post-confirmation Debtors to Convert to Chapter 7 is denied; and that the requests of the post-confirmation Debtors to convert to Chapter 13 is denied; and that all other requests in this matter are denied.