**In re James Thomas BURNS, Debtor.**

**Judith A. Burns & Kevin
C. Burns, Movants.**

**No. 92–42253–293.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Feb. 26, 2004.

Stuart J. Radloff, Clayton, MO, for Movants.

Chris Wegner, St. Louis, MO, for Debtor.

### MEMORANDUM OPINION

DAVID P. MCDONALD, Bankruptcy Judge.

This case is before the Court on the motion of Judith A. Burns and Kevin C.

Burns to Reopen Case and Stay Proceedings. Judith and Kevin request in their motion that this Court stay an appeal pending before the Missouri Court of Appeals and reopen Debtor's bankruptcy case to allow them to file an adversary complaint seeking a determination that Debtor's obligation to repay Kevin's student loans was excepted from discharge under 11 U.S.C. § 523(a)(5). Because the Anti–Injunction Act prohibits this Court from staying the proceedings before the Missouri Court of Appeals and the *Rooker–Feldman* doctrine would deprive this Court of subject matter jurisdiction over Kevin and Judith's proposed adversary complaint, the Court will deny the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Debtor filed his petition for relied under Chapter 7 of the United States Bankruptcy Code on March 27, 1992. Prior to Debtor filing his petition for relief, the Circuit Court of St. Louis County (the "State Court") issued a decree dissolving the marriage between Judith and Debtor on January 9, 1991 (the "Divorce Decree"). Judith filed an adversary proceeding against Debtor alleging that some of Debtor's obligations to Judith contained in the Divorce Decree were exempted from discharge under 11 U.S.C. § 523(a)(5).

This Court entered a Memorandum Opinion and Order on January 26, 1993 finding that Debtor's obligation contained in the Divorce Decree to: (1) pay Judith's attorney's fees; (2) his obligation to pay certain third party debts; and (3) hold Judith harmless with respect to those debts, were excepted from discharge as support under § 523(a)(5). *See Burns v. Burns (In re Burns)*, 149 B.R. 578, 582 (Bankr.E.D.Mo.1993).

Judith filed a Motion for Contempt with the State Court in February 2003 alleging, *inter alia,* that Debtor failed to repay Kev-in's student loans as provided in the Divorce Decree. The State Court overruled Judith's motion in an order dated August 5, 2003 (the "State Court Judgment"). The State Court Judgment specifically recites that based upon the evidence, the State Court found that Debtor's obligation to repay Kevin's student loans was discharged by this Court's order of discharge. The State Court also overruled Judith and Kevin post-trial motions. Judith and Kevin then filed an appeal with the Missouri Court of Appeals. That appeal is currently pending.

Judith and Kevin now seek to reopen Debtor's bankruptcy case so that they may file an action under § 523(a)(5) requesting that this Court determine that Debtor's obligation to repay Kevin's student loans is in the nature of support and thus excepted from discharge under § 523(a)(5). Judith and Kevin also request that this Court issue an order staying the appeal pending in the Missouri Court of Appeal while this Court determines whether Debtor's obligation to repay Kevin's student loan obligation was excepted from discharge under § 523(a)(5).

The Court was dubious of its ability to stay the State Court proceedings under the Anti–Injunction Act. 28 U.S.C. § 2283. The Court was also skeptical of its subject matter jurisdiction under the *Rooker–Feldman* doctrine over any adversary complaint alleging that Debtor's obligation to Kevin was excepted from discharge under § 523(a)(5) because the State Court Judgment specifically recited that the obligation was in fact included in the discharge. The Court therefore requested that Kevin and Judith submit a supplemental brief that addressed these two issue.

Judith and Kevin conceded in their supplemental brief that the Anti–Injunction Act prohibits this Court from staying the

proceedings pending in the Missouri Court of Appeals. They argue, however, that the *Rooker–Feldman* doctrine does not apply to deprive this Court of subject matter jurisdiction over a potential adversary complaint seeking a determination that Debtor's obligation to Kevin was excepted from discharge under 11 U.S.C. § 523(a)(5). The Court disagrees and will deny the motion.

## DISCUSSION

### A. This Court would lack subject matter jurisdiction over the claim of Kevin and Judith.

The *Rooker–Feldman* doctrine holds that lower federal courts do not have subject matter jurisdiction to review an order issued by a state court. *Gisslen v. City of Crystal*, 345 F.3d 624, 627 (8th Cir.2003) The doctrine is premised on the fact that Congress has not provided the lower federal courts with jurisdiction over appeals from state courts. *Goetzman v. Agribank, FCB (In re Goetzman)*, 91 F.3d 1173, 1178 (8th Cir.1996). Also, because the *Rooker–Feldman* doctrine deprives lower federal court of subject matter jurisdiction over the claim, its application is not discretionary and the court must invoke the doctrine *sua sponte*. *Gisslen*, 345 F.3d at 627.

The Eighth Circuit has specifically held that in the bankruptcy context, the *Rooker–Feldman* doctrine deprives the bankruptcy court of subject matter jurisdiction over a claim that attacks a state court judgment relating to a dischargeability issue provided that the state court had subject matter jurisdiction over the claim. *Ferren v. Searcy Winnelson Co. (In re Ferren)*, 203 F.3d 559, 560 (8th Cir.2000) (*per curiam*). Here, the State Court clearly had subject matter jurisdiction over whether Debtor's obligation to repay Kevin's student loans were excepted from discharge.

State courts have concurrent jurisdiction with the bankruptcy court to determine the dischargeability of debts not listed in § 523(c). *Perkins v. Coordinating Board for Higher Education (In re Perkins)*, 228 B.R. 431, 433 (Bankr.E.D.Mo. 1998). Thus, because a debt in the nature of alimony or support to a spouse or child under § 523(a)(5) is not a type of debt listed in § 523(c), a state court has subject matter jurisdiction to determine whether the debt in question was in fact excepted from discharge under § 523(a)(5). *Henry v. Henry (In re Henry)*, 238 B.R. 472, 474–75 (Bankr.D.N.D.1999). Accordingly, the determination of whether Debtor's obligation to repay Kevin's student loans was excepted from discharge under § 523(a)(5) was well within the State Court's jurisdiction.

Despite the fact that the State Court had subject matter jurisdiction over the issue of whether Debtor's obligation to repay Kevin's student loans were excepted from discharge under § 523(a)(5), Kevin and Judith argue that the *Rooker–Feldman* doctrine does not apply for three reasons. First, Kevin and Judith argue that because Kevin was not a party to the motion for contempt in the State Court, the *Rooker–Feldman* doctrine cannot apply with respect to him in this Court. There is some authority for the position. *See e.g. United States v. Owens*, 54 F.3d 271, 274 (6th Cir.1995). The Eighth Circuit, however, has addressed this issue and has held that because the *Rooker–Feldman* doctrine deprives federal courts of jurisdiction to review the decisions of state courts, the identity of the parties in the state court action is not relevant to its application. *Lemonds v. St. Louis County*, 222 F.3d 488, 495 (8th Cir.2000). Thus, the fact Kevin was not a party to the State

Court action is irrelevant under Eighth Circuit precedent.

 Judith and Kevin also contend that the *Rooker–Feldman* doctrine does not apply here because the issue of whether Debtor's obligation to Kevin was excepted from discharge under § 523(a)(5) was not expressly before the State Court. The *Rooker–Feldman* doctrine, however, applies not only to issues that were directly before a state court but also any issue that is inextricably intertwined with the state court ruling. *Gisslen,* 345 F.3d at 627. An issue presented in federal court is inextricably intertwined with the state court ruling if the federal plaintiff can succeed only if the federal court finds that the state court wrongly decided the issue before it. *Id.*

Here, Judith filed a motion with the State Court arguing that Debtor was in contempt of the Divorce Decree by failing to pay Kevin's student loan obligations. The State Court rejected Judith's contention that Debtor was in contempt because it explicitly found that Debtor's obligation to pay Kevin's student loan obligation was discharged at the conclusion of his bankruptcy case.[1]

Clearly, this Court could only find that Debtor's obligation to Kevin was excepted from discharge under § 523(a)(5) only if it found that the State Court wrongly decided that the obligation was discharged. Accordingly, any claim that Debtor's obligation to Kevin was excepted from discharge under § 523(a)(5) presented to this Court would be inextricably intertwined with the State Court's ruling. Therefore, the *Rooker–Feldman* doctrine would deprive this Court of subject matter jurisdiction over Judith and Kevin's potential claim that Debtor's obligation to Kevin is excepted from discharge under § 523(a)(5).

 Judith and Kevin finally argue that the *Rooker–Feldman* doctrine should not apply here because "this Court has greater experience and familiarity with the operative law and issues." While this may be true, as discussed above, because the *Rooker–Feldman* doctrine deprives the lower federal court of subject matter jurisdiction over the claim, its application is not discretionary. In fact, because the very purpose of the *Rooker–Feldman* doctrine is to prevent lower federal courts from reviewing state court judgments, this Court could not entertain Kevin and Judith's proposed adversary complaint even if the State Court's ruling was facially erroneous. *Schmitt v. Schmitt,* 324 F.3d 484, 485–86 (7th Cir.2003). Rather, under the *Rooker–Feldman* doctrine, Judith and Kevin must press their claim that the State Court erred when it found that Debtor's obligation to Kevin was discharged with the Missouri Court of Appeals.

In conclusion, the State Court had subject matter jurisdiction over the issue of whether Debtor's obligation to repay Kevin's student loans was excepted from discharge. Also, Judith and Kevin's claim that Debtor's obligation to Kevin was in fact excepted from discharge under § 523(a)(5) is inextricably intertwined with the State Court's ruling. Accordingly, the *Rooker–Feldman* doctrine would deprive this Court of subject matter jurisdiction over Judith and Kevin's potential § 523(a)(5) adversary complaint.

---

**1.** It appears that the State Court premised its conclusion that Debtor's obligation to Kevin was discharged on the fact that Kevin did not bring an action to determine whether the obligation was excepted from discharge as child support under § 523(a)(5). This Court notes, however, that a creditor may seek a determination that a particular debt was excepted from discharge under § 523(a)(5) at any time. Fed. R. Bankr.P. 4007(b).

## B. The Court will not reopen Debtor's case.

Section 350(b) allows the bankruptcy court to reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause." The bankruptcy court has wide discretion in determining whether to reopen a closed case under § 350(b). *Dworsky v. Canal Street L.P. (In re Canal Street L.P.)*, 269 B.R. 375, 381 (8th Cir. BAP 2001).

Generally, when a party request to reopen a case for the purpose of filing a complaint to determine whether a particular debt was excepted from discharge the Court should grant the request and reach the merits of the dispute within the adversary proceeding. *Arleaux v. Arleaux*, 210 B.R. 148, 149 (8th Cir. BAP 1997). The court, however, acts within its discretion in denying a motion to reopen the case if the proposed underlying adversary complaint is facially deficient. *Id.*

Here, as demonstrated above, the *Rooker–Feldman* doctrine would deprive this Court of subject matter jurisdiction over any adversary that seeks a determination that Debtor's obligation to Kevin was excepted from discharge under § 523(a)(5). Thus, Kevin and Judith's proposed adversary is facially deficient and the Court will not exercise it discretion to reopen Debtor's case.

## CONCLUSION

Judith and Kevin's proposed adversary to seek a determination that Debtor's obligation to Kevin was excepted from discharge under § 523(a)(5) is inextricably intertwined with the State Court's determination that Debtor's obligation to Kevin was discharged. Therefore, the *Rooker–Feldman* doctrine would deprive this Court of subject matter jurisdiction over any claim by Judith and Kevin that Debt-or's obligation to Kevin was excepted from discharge under § 523(a)(5). Accordingly, because the sole purpose of the motion to reopen is to allow Judith and Kevin to file an adversary complaint under § 523(a)(5) and because this Court would not have subject matter over such a complaint, the Court will deny the motion.

An Order consistent with this Memorandum Opinion will be entered this date.