# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 14-6001

_____

In re: Richard Allen Diamond

*Debtor*

------------------------------

Michael Jay Goldstein

*Creditor - Appellant*

v.

Richard Allen Diamond

*Debtor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 18, 2014
Filed: April 22, 2014

_____

Before FEDERMAN, Chief Judge, KRESSEL and SALADINO, Bankruptcy
Judges.

_____

KRESSEL, Bankruptcy Judge

Michael Jay Goldstein appeals from an order of the bankruptcy court directing the clerk to reject the filing of his dischargeability complaint. The court ordered the complaint and a subsequent brief to be returned to him because he failed to make a motion to reopen the underlying bankruptcy case. For the reasons that follow, we reverse.

BACKGROUND

On November 29, 2011, Richard Allen Diamond filed a chapter 7 bankruptcy petition in the Eastern District of Missouri. February 28, 2012 was set as the deadline for filing a complaint to determine the dischargeability of certain debts under 11 U.S.C. § 523(c).

On February 15, 2012, Goldstein filed a motion in Diamond's bankruptcy case entitled "Motion to Extend." The motion requested a sixty day extension of proceedings and withholding of the entry of the discharge order. Goldstein claimed that he was a creditor but he did not receive proper notice of the bankruptcy case. He intended to pursue an adversary proceeding to determine the dischargeability of his claim.

The bankruptcy court did not interpret Goldstein's motion to include a request for an extension of the February 28, 2012 filing deadline. Instead, it found the request to be one for "abatement of the case for sixty days." Finding there was no cause for such relief, it denied the motion. The court also denied the request to withhold the discharge.

On February 29, 2012, the court entered the debtor's discharge. On March 15, 2012, the case was closed. On April 13, 2012, Goldstein filed a "Motion to Extend Time to Appeal." The court denied that motion.

On March 14, 2012, Goldstein looked elsewhere for relief and filed a dischargeability complaint against Diamond in the Eastern District of Pennsylvania. According to Goldstein, the complaint was filed pursuant to § 523(a)(3)(B) "to determine the nondischargeability of debts, to Plaintiffs, emanating from certain Defendant actions that fall within § 523(a)(4) of the Federal Bankruptcy Code."

The bankruptcy court for the Eastern District of Pennsylvania held a hearing requiring Goldstein to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction, and, if not dismissed, why it should not be transferred to the Eastern District of Missouri. After the hearing, the court transferred the adversary proceeding to the Eastern District of Missouri.

The complaint was then referred by the district court to the bankruptcy court, but on instruction of the bankruptcy judge, it was not docketed. Instead, the court issued an order instructing Goldstein to file a motion to reopen the underlying bankruptcy case and pay the reopening fee.

Goldstein did not file a motion to reopen. Instead, he presented a brief arguing that reopening the case was not a necessary prerequisite to initiating an adversary proceeding. Again, the court directed the clerk to not docket this submission because it was "an unsolicited brief, offered to address no open matter."

On December 17, 2013, the bankruptcy court issued an order stating that absent a motion to reopen the case, the court would not permit the complaint to be filed. According to the bankruptcy court, new requests for relief are not properly before the court until the case is reopened. The court directed the clerk to return

the complaint and the brief to Goldstein, who filed a timely notice of appeal of this order on December 31, 2013.[1]

STANDARD OF REVIEW

We review factual findings for clear error and legal conclusions *de novo*. *Temperato Revocable Trust v. Unterreiner (In re Unterreiner)*, 699 F.3d 1022 (8th Cir. 2012).

ANALYSIS

The Bankruptcy Code provides that once an estate is fully administered and the trustee has been discharged, the case shall be closed. § 350(a). However, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." § 350(b). There is a fair amount of case law deciding when a case *may* be reopened. There is little case law, however, on whether a case *must* be reopened for the purpose of filing a dischargeability complaint.

However, the Ninth Circuit has addressed the issue directly. It held that a separate motion to reopen is not necessary when commencing an action for nondischargeability of a debt under § 523(a)(3)(B). *Staffer v. Predovich (In re Staffer)*, 306 F.3d 967 (9th Cir. 2002). In concluding this, the Ninth Circuit partially relied on the Bankruptcy Appellate Panel's holding that reopening a closed case is irrelevant to the bankruptcy court's jurisdiction to determine whether

---

[1] In his appellate brief, Goldstein appears to argue that the bankruptcy court for the Eastern District of Pennsylvania erred when it ordered the case to be transferred to Missouri. However, the Notice of Appeal lacks any mention of this order. Even if it did, we have no jurisdiction to review orders from Pennsylvania.

a debt is excepted from discharge. *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 902 (B.A.P. 9th Cir. 1999).

Likewise, we have previously held that a matter over which a bankruptcy court has jurisdiction can be considered by that court even if the case is closed. *Koehler v. Grant*, 213 B.R. 567, 569-570 (B.A.P. 8th Cir. 1997). Jurisdiction is conferred on the bankruptcy courts by statute, deriving from 28 U.S.C. § 1334, and does not end once a plan is confirmed or the case is closed. *Id*. at 569.

One author writes,

> The bankruptcy court has concurrent jurisdiction with other courts to decide if particular debts were discharged in a bankruptcy case, other than debts alleged to be nondischargeable under subsection § 523(a)(2), (4) or (6) which can be found nondischargeable only by the bankruptcy court. Therefore a motion to reopen the case is probably not even necessary for the court to exercise its jurisdiction.

COLLIER ON BANKRUPTCY ¶ 350.03[4].

In this case, the bankruptcy court did not deny that it had jurisdiction over Goldstein's complaint. Despite that jurisdiction, however, the court stated that the complaint was deficient because it was not "properly raised" before the court. The bankruptcy court does not rely on any authority for the proposition that a complaint must be "properly raised" before the court. Additionally, we could find no local rule in the Eastern District of Missouri that requires a complaint be "properly raised" before the court.

The filing of a dischargeability complaint does not affect the administration of the underlying bankruptcy case. In fact, the filing of an adversary proceeding initiates an entirely new administrative matter. If there is no bankruptcy administration that is associated with a particular civil proceeding being considered by the court, then there is no reason in principle for the "case" to be open. *See* 3 COLLIER ON BANKRUPTCY ¶ 350.03[4].

The Eighth Circuit has previously noted, "The act of reopening a closed bankruptcy case is typically ministerial and presents a limited range of issues, including whether further administration of the estate appears to be warranted. *Apex Oil Co., Inc. v. Sparks (In re Apex Oil Co., Inc.)*, 406 F.3d 538, 543 (8th Cir. 2005) (citing *Lopez v. Specialty Restaurants Corp. (In re Lopez)*, 283 B.R. 22, 26 (B.A.P. 9th Cir. 2002)). Other courts have also held that the closure of a case relates merely to its administrative status. *See In re Sterling Optical Corp.*, 302 B.R. 792, 808 (Bankr. S.D.N.Y. 2003); *In re Taylor*, 216 B.R. 515, 521 (Bankr. E.D.Pa. 1998).

We agree that opening a case to initiate a dischargeability proceeding is little more than a managerial act and has no immediate impact on the substance of the underlying bankruptcy case. Reopening a case allows the court file to be resurrected from the court's records and also allows the clerk to orderly administer the case. While important, the convenience of the clerk is not a proper reason for refusing to docket a complaint. The filing of an adversary proceeding creates an entirely new docket, anyway. For these reasons, we hold that reopening a case is not a prerequisite to filing a dischargeability complaint.[2]

---

[2] In prior decisions we have affirmed bankruptcy courts' denials of motions to reopen. *See Finch v. Coop (In re Finch)*, 378 B.R. 241 (B.A.P. 8th Cir. 2007); *Dworsky v. Canal St. Ltd. P'ship (In re Canal St. Ltd. P'ship)*, 269 B.R. 379 (B.A.P. 8th Cir. 2001); *Mid-City Bank, et al. v. Skyline Woods Homeowners Assoc., et al. (In re Skyline Woods Country Club, LLC.)*, 431 B.R. 830 (B.A.P. 8th Cir. 2010); *Arleaux v. Arleaux*, 210 B.R. 148 (B.A.P. 8th Cir. 1997). Those

The bankruptcy court alternatively held that even if the complaint should have been filed it would have been dismissed on its merits for several reasons. First, the complaint was untimely. And, second, the facts show that Goldstein's complaint cannot be supported. While it may be tempting for the court to reach the merits of the case on a motion to reopen, a court should typically refrain from doing so.

Only if the complaint is completely lacking in merit, should the court examine the issues. *Arleaux v. Arleaux*, 210 B.R. 148, 149 (B.A.P. 8th Cir. 1997). We do not find that to be the case here. "Ordinarily, when a request is made to reopen a case for the purpose of filing a dischargeability complaint, the court should reopen routinely and reach the merits of the underlying dispute only in the context of the adversary proceeding, not as part of the motion to reopen." *Id*.

CONCLUSION

For the foregoing reasons, we reverse the bankruptcy court's refusal to file the appellant's complaint.

---

holdings do not conflict with our decision today. None of those cases posed the issue we are deciding today.